**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 22-2122**

───────────

COASTAL COAL COMPANY, LLC,

        Petitioner,

     v.

JOE F. HARRISON, DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,

        Respondents.

───────────

On Petition for Review of an Order of the Benefits Review Board.  (21-0130-BLA)

───────────

Submitted:  April 26, 2024                        Decided:  June 18, 2024

───────────

Before RICHARDSON and QUATTLEBAUM, Circuit Judges, and MOTZ, Senior Circuit Judge.

───────────

Petition denied by unpublished per curiam opinion.

───────────

**ON BRIEF:** William S. Mattingly, Jennifer Horan, JACKSON KELLY PLLC, Lexington, Kentucky, for Petitioner.  Brad A. Austin, WOLFE WILLIAMS & REYNOLDS, Norton, Virginia, for Respondent.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Coastal Coal Company, LLC ("Employer") petitions this Court for review of the Benefits Review Board's ("BRB") order affirming the Administrative Law Judge's ("ALJ") award of benefits to Joe F. Harrison ("Claimant") under the Black Lung Benefits Act (the "Act"), 30 U.S.C. §§ 901-944. Employer argues that the ALJ erred by failing to consider all of the relevant medical evidence—specifically, a physician's opinion regarding the effect of Claimant's respiratory rates on the validity of pulmonary tests—in finding Claimant totally disabled. We deny the petition for review.

Our review of a decision awarding black lung benefits is limited to determining "whether substantial evidence supports the factual findings of the ALJ and whether the legal conclusions of the [BRB] and ALJ are rational and consistent with applicable law." *Hobet Mining, LLC v. Epling*, 783 F.3d 498, 504 (4th Cir. 2015) (internal quotation marks omitted). We review de novo the legal conclusions of the BRB and the ALJ. *Edd Potter Coal Co. v. Dir., Off. of Workers' Comp. Programs*, 39 F.4th 202, 206 (4th Cir. 2022). In doing so, we must "confine our review to the grounds upon which the BRB based its decision." *E. Assoc. Coal Corp. v. Dir., Off. of Workers' Comp. Programs*, 805 F.3d 502, 510 (4th Cir. 2015).

"Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sea "B" Mining Co. v. Addison*, 831 F.3d 244, 252 (4th Cir. 2016) (internal quotation marks omitted). "To determine whether this standard has been met, we consider whether all of the relevant evidence has been analyzed and whether the ALJ has sufficiently explained [her] rationale

2

in crediting certain evidence." *Epling*, 783 F.3d at 504 (internal quotation marks omitted). Although the requirement that the ALJ "explain why [s]he credited certain evidence and discredited other evidence[] . . . is not intended to be a mandate for administrative verbosity," the reviewing court must be able to "discern what the ALJ did and why [s]he did it." *Addison*, 831 F.3d at 253 (internal quotation marks omitted).

An ALJ's evidentiary error does not automatically require remand without further inquiry, however. *See id.* "Administrative adjudications are subject to the same harmless error rule that generally applies to civil cases." *Id.* Although "[t]he burden to demonstrate prejudicial error is on [Employer], the party challenging the agency action[,] . . . the harmless error rule is not a particularly onerous requirement." *Id.* (cleaned up). "In each case, an appellate court must consider the likelihood that the result would have been different." *Id.* at 253-54 (internal quotation marks omitted). An error is harmless when we can conclude with confidence that no reasonable ALJ, after fully considering the evidence, could have reached a different result. *Id.* at 255 (citing *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006)).

In this case, we agree with Employer that the ALJ erred in failing to specifically discuss Dr. Jarboe's opinion that the qualifying maximum voluntary ventilation ("MVV") values in Claimant's pulmonary function tests ("PFT"), upon which the ALJ relied in part to find total disability, were invalid because Claimant's breath frequency rate was suboptimal. However, we also agree with the BRB's conclusion that this error is harmless. The regulations do not mandate an optimal respiratory rate for an MVV to be valid, and Jarboe did not explain how a suboptimal respiratory rate impacted the MVVs beyond his

3

conclusory statements that the results were rendered invalid. Moreover, several other doctors considered and validated the results of the PFTs. Therefore, we conclude that the ALJ's failure to consider Jarboe's opinion was harmless.

We further conclude that Employer has forfeited any challenge to the BRB's refusal to consider its argument that the PFTs did not comply with federal regulations because Employer failed to raise the issue before the ALJ. Federal Rule of Appellate Procedure 28(a)(8)(A) requires that a brief contain the petitioner's "contentions and the reasons for them, with citations to the authorities and parts of the record on which the [petitioner] relies." Failure to comply with "the specific dictates" of Rule 28 "with respect to a particular claim triggers abandonment of that claim on appeal." *Edwards v. City of Goldsboro*, 178 F.3d 231, 241 n.6 (4th Cir. 1999); *see also Hensley ex rel. North Carolina v. Price*, 876 F.3d 573, 580 n.5 (4th Cir. 2017) (noting mandatory nature of Rule 28(a)(8)(A); pointing out that opening brief contained no citations to relevant case law or "to the record to indicate that [appellants] preserved the argument below"). Because Employer cited no legal authorities or portion of the record when making this argument in its opening brief, it forfeited the issue on appeal.

Accordingly, we deny Employer's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

4